IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERESA J. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-239 (MTT) |
| | ) |
| MACON-BIBB COUNTY, GA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Teresa J. Scott asks for an extension of time for service of her complaint. Doc. 11. Defendant Macon-Bibb County and Proposed Defendants Macon-Bibb County Board of Tax Assessors, Andrea Crutchfield, and Jody Claborn move to dismiss all of Scott's claims against them.[1] Doc. 16. Additionally, Scott moves for leave to file an amended complaint. Doc. 21. For the following reasons, an extension of time for service (Doc. 11) is **GRANTED**, the motion to dismiss (Doc. 16) is **DENIED**, and the motion for leave to amend the complaint (Doc. 21) is **GRANTED.**

## I. BACKGROUND

These motions center on procedural issues caused by an unserved original complaint and a subsequent amended complaint that was filed without leave of the Court.

---

[1] Despite only referring to the improperly filed amended complaint on the docket, the motion broadly seeks to dismiss "each and every claim filed by Plaintiff against the Defendants in the above-captioned matter." Doc. 16-1 at 1. Substantively, its arguments refer to both the original complaint and the proposed amended complaint.

On August 19, 2020, Scott filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the Macon-Bibb County Board of Tax Assessors.[2]  Doc. 1-2.  The EEOC dismissed Scott's charge and issued a notice of rights providing 90 days for Scott to file suit on April 15, 2021.  Doc. 1-3.  After receiving the notice of her right to sue, Scott timely filed a *pro se* complaint on July 15, 2021, alleging Title VII, § 1981, and § 1983 claims against Macon-Bibb County.  Docs. 1.  Scott retained counsel in late August 2021, but Scott never served her original complaint.[3]  Doc. 11 at 3.

On November 5, 2021, the Court ordered Scott to show cause why her complaint should not be dismissed for failure to serve Macon-Bibb County within ninety days of filing her complaint.  Doc. 5.  Before filing her response to the order to show cause, Scott filed, without leave of Court, an amended complaint on November 17, 2021.  Doc. 6.  This amended complaint purportedly added new defendants and additional claims, and it was served upon the County and the proposed defendants.  Scott then filed a timely response to the order to show cause.  Doc. 11.

Macon-Bibb County and the proposed defendants—whose counsel, like the plaintiff's counsel, apparently did not realize that the amended complaint was improperly filed— answered the amended complaint on December 9, 2021, and then moved to dismiss the amended complaint.  Docs. 15; 16.  However, the defendants also argued that the original complaint should be dismissed for failure to serve, and the parties fully briefed that issue.  Docs. 18; 19.  On January 31, 2022, the Court ordered Scott to show

---

[2] The parties now agree that Macon-Bibb County, rather than the Macon-Bibb County Board of Tax Assessors, is Scott's employer.

[3] Scott's counsel claimed that he served the original complaint by attaching it to the improperly filed proposed amended complaint and serving both on the defendant and proposed defendants on November 18, 2021.  Doc. 30 at 1-2.  As addressed during the hearing on August 8, 2022, nothing in the record supports that.

cause why her proposed amended complaint should not be dismissed for failure to seek leave to amend from the Court. Doc. 20. Scott responded and moved for leave to amend. Docs. 21; 22. The parties fully briefed the motion for leave to amend. Docs. 23; 24. The Court then ordered Scott to file a supplemental brief to address "whether the proposed amended complaint would relate back to the filing of the initial complaint." Doc. 27. After receiving Scott's response, the Court again ordered Scott to file a supplemental brief to address "specifically whether a served amended complaint can relate back to an *unserved* initial complaint." Docs. 26; 27. Scott filed a timely response, as did the County and the proposed defendants. Docs. 30; 31.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing Fed. R. Civ. P. 12(b)(6)). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011)

(internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted).  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

Leave to amend should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  An amended complaint that changes a party relates back to the original complaint for statute of limitations purposes if (1) the original complaint gave the defendant adequate notice of the claims and (2) relation back does not unfairly prejudice the defendant.  *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1132 (2004).

### III. DISCUSSION

The County has moved to dismiss Scott's proposed amended complaint and also argues that the original complaint must be dismissed for failure to timely serve.

Doc. 16-1.  As discussed below, Scott's complaint survives the motion to dismiss because the circumstances of the case warrant an extension of time for service.  Scott's motion for leave to amend is granted, but Scott is required to submit an amended complaint within the proper bounds of her EEOC charge.

### A. There is not good cause for an extension of time for service of Scott's original complaint, but other circumstances warrant granting the extension

The County argues that Scott's original complaint must be dismissed for lack of timely service under Rule 4(m) because Scott has not shown good cause for her failure to serve.  Doc. 16-1 at 6-7.  Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  But "[i]f the plaintiff shows good cause for failing to effect timely service, the district court must extend the time for service."  *Id.*  "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'"  *Leone-Dempsey v. Carroll Cnty., Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted) (alterations in original).  "Courts have likened good cause to the concept of 'excusable neglect' [under Rule 6(b)(1)(B)], which requires a showing of good faith and a reasonable basis for noncompliance with the time set forth in the rule."  *Pullins v. BI-LO Holdings, LLC,* Doc. CV 215-162 WL 7217279 *2 (S.D. Ga. Dec. 12, 2016) (collecting cases).

But the Eleventh Circuit has held that "even when a plaintiff cannot demonstrate good cause, the district court 'must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'"  *Bilal v. Geo Care, LLC*,

981 F.3d 903, 919 (11th Cir. 2020) (citing *Leone-Dempsey*, 476 F.3d at 1282).  Some appropriate circumstances that may warrant an extension are described in the Advisory Note to Rule 4(m), which provides that "relief may be justified, … if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments; *see also Horenkamp v. Van Winkle and Co., Inc.,* 404 F.3d 1129, 1132 (11th Cir. 2005) ("Although not binding, the interpretations in the Advisory Committee Notes 'are nearly universally accorded great weight in interpreting federal rules.'") (citation omitted).

In his response to the order to show cause for failure to timely serve the original complaint, Scott's counsel explains that he began representing Scott at the end of August 2021.  Doc. 11 at 2.  Counsel knew that Macon-Bibb County needed to be served, but he didn't read Rule 4 and thus didn't know the County had to be served within 90 days.  Rather, he says he read old cases citing older versions of Rule 4, which allowed 120 days for service.  *Id.*  So instead of timely serving the original complaint, Scott's counsel drafted an amended complaint.  The "misunderstanding" about Rule 4's deadline was not the result of "some outside factor" that could excuse the failure to serve but rather due to counsel's negligent reliance on outdated authority, despite his extensive federal court experience—experience that has frequently involved allegedly missed deadlines and other procedural challenges.[4]

---

[4] *See e.g. Humble v. Cirrus Educ. Group, Inc.*, 5:17-cv-192; *Chesnut v. CC Servs., Inc.*, 5:18-cv-404; *Barreth v. Reyes 1, Inc.,* 5:19-cv-21; *Bender v. Esper*, 5:19-cv-355; *Lange v. Houston Cnty., et al.*, 5:19-cv-392 (counsel failed to name a primary party in the original complaint); *Assad v. Air Logistics and Eng'g. Sols., LLC*, 5:20-cv-135; *Mosby v. Cty. of Byron, Ga.*, 5:20-cv-163; *Richardson v. Macon-Bibb Cnty., et al.*, 5:20-cv-322*; Richardson v. Davis, et al.,* 5:20-cv-530; *Gray v. Bd. of Trs. of the Ga. Mil. Coll.*, 5:21-cv-52; *Hall Gordon v. Bibb Cnty. Sch. Dist.*, 5:21-cv-143; *Fulwood v. Walmart, Inc.*, 5:21-cv-458; *Calloway v. Rite Way Animal Removal, LLC, et al.*, 5:22-cv-162.

Nonetheless, counsel identifies three factors that he argues should weigh towards a finding of good cause: (1) Scott's *pro se* status for more than a third of the period for service, (3) the efforts undertaken to amend the complaint (which counsel intended to file prior to service to "streamline the process and in the interest of judicial economy"), and (3) the quickly filed and served amended complaint following the Court's show cause.  *Id.* at 5.  But none of these explanations constitute good cause.  Although Scott was *pro se* at the beginning of this case, counsel had more than half of the time-period to serve an already filed complaint upon a single defendant.  Moreover, counsel had served this defendant before, as counsel has repeatedly represented clients in lawsuits against the County in this Court.  *See Richardson v. Macon-Bibb County, et al.,* 5:20-cv-322*; Richardson v. Davis, et al.,* 5:20-cv-530.  Additionally, counsel describes communication with defense counsel after the failure to serve, underscoring his familiarity with the County and the ease with which he could have arranged for service or waiver of service to comply with Rule 4.  Doc. 11 at 3.  Finally, counsel's attempts to remedy this situation with the filing and service of the proposed amended complaint led to another violation of the Federal Rules of Civil Procedure, as it was improperly filed without leave of Court.  None of these reasons are sufficient for good cause.

Next, counsel argues the 90-day limitation for filing a Title VII complaint is akin to a statute of limitation and thus dismissal would bar Scott's Title VII claims.  *Id.* at 5-6.  While this is indeed a reason for an extension of time, counsel argues elsewhere that Scott's Title VII claims would not be barred because Scott's employer is "engaged in ongoing discrimination against Ms. Scott," and "[f]or this reason, Ms. Scott could

-7-

presumably file a new charge of discrimination on the very same allegations underlying this case." Doc. 18 at 5. As noted in the hearing, counsel has raised this argument before, unsuccessfully, and it is unlikely to succeed this time.

Pure and simple, the original complaint was not filed because counsel failed to read Rule 4. That kind of mistake does not constitute good cause.

Nevertheless, there are other circumstances which warrant an extension of time to serve in this case. *Bilal,* 981 F.3d at 919 (citing *Leone-Dempsey*, 476 F.3d at 1282). For one, the plaintiff did everything properly before she hired her counsel. She submitted her EEOC charge and timely filed the original complaint pro se. Secondly, Scott's Title VII claims would be time-barred if her original complaint were dismissed.[5] Although "the running of the statute of limitations does not require that a district court extend the time for service of process," the Eleventh Circuit has held that such time constraints can qualify as circumstances which warrant an extension of time to serve. *Horenkamp v. Van Winkle and Co.*, 402 F.3d at 1133.

For these reasons, despite the lack of good cause, an extension of time to serve (Doc. 11) is **GRANTED**, and the motion to dismiss (Doc. 16) is **DENIED.**

## B. Scott's motion for leave to amend is granted

Because leave to amend should be "freely give[n] . . . when justice so requires," amendment is appropriate here. Fed. R. Civ. P. 15(a)(2). There is no indication that there has been "undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed," amendment will not cause "undue

---

[5] This is not to say that there are no issues of timeliness remaining for Scott's Title VII claims. As addressed during the August 8, 2022, hearing, the defendants are free to pursue whatever defenses are appropriate.

prejudice to the opposing party," and "amendment [will not] be futile." *Bryant*, 252 F.3d at 1163 (citation omitted).

Accordingly, Scott's motion for leave to amend her complaint (Doc. 21) is **GRANTED.**

However, Scott's proposed amended complaint has various issues that have been addressed at length by the defendants and the Court at the August 8, 2022, hearing. Docs. 16; 19; 23. For the reasons discussed at the hearing, and in accordance with the original complaint, the proposed amended complaint, and Scott's own admission,[6] the amended complaint shall make clear that the first adverse employment action occurred on February 25, 2020. Doc. 1-2. Scott's amended complaint must be drafted within the proper scope of her Title VII claims.

## IV. CONCLUSION

As explained above, an extension of time for service (Doc. 11) is **GRANTED**, the motion to dismiss (Doc. 16) is **DENIED**, and the motion for leave to amend the complaint (Doc. 21) is **GRANTED.**

**SO ORDERED**, this 11th day of August, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[6] Scott conceded that the "crux of [her] claims are that the Defendants have continually refused to reclassify and/or promote her since she became eligible in 2018." Doc. 18 at 9. At the hearing, the Court explained that although the Title VII claims are based on the fact that Scott became eligible for promotion in 2018, she was not denied that position until February 2020. This defines the scope of Scott's Title VII claims and the appropriate scope of the amended complaint. *See also* Docs. 1 ¶¶ 99, 101; 1-2.