**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TERESA J. SCOTT,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:21-cv-239 (MTT)** |
| | ) | |
| **MACON-BIBB COUNTY, GA,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Scott moves for reconsideration of the Court's March 8, 2023 Order (Doc. 53) granting in part and denying in part the defendants' motions to dismiss.  Doc. 55.  Scott contends that "the Court erred when it found that [counsel] disregarded its directive by including improper allegations in the operative pleading."  *Id*. at 4.  Specifically, the Court's March 8, 2023 Order struck paragraphs 141, 142, and 143 from Scott's second amended complaint.  Doc. 53 at 8-10.  These allegations asserted liability for pay discrimination based on the defendants' alleged delay in reclassifying Scott to the Appraiser I and II positions—events that occurred years before Scott filed her charge of discrimination with the EEOC.  *Id*.  Scott now seeks to revive these stale claims.

### I. BACKGROUND

Scott's claims arise from the defendants' alleged failure to reclassify her to the Appraiser III position.  Doc. 45 ¶¶ 99-109.  Her charge of discrimination alleged the following:

> I was hired by the above-named employer in December 1998.  While
> employed, I have performed many positions with my most recent being
> Appraisal [sic] III.  On or about February 20, 2020, my Supervisor
> recommended me for reclassification as an Appraisal [sic] III.  On
> February 25, 2020, the reclassification was denied.  As of today, no
> reason was given for the denial.  I believe that I have been discriminated
> against because of my race (African American), in violation of Title VII of
> the Civil Rights Act of 1964, as amended.

Doc. 1-2.  After receiving the EEOC's right-to-sue letter, Scott filed, within 90 days, a

pro se complaint on July 15, 2021.  Docs. 1; 1-3.

Scott retained counsel in late August 2021, but counsel did not timely serve

Scott's original complaint because he did not read Federal Rule of Civil Procedure 4.

Doc. 11 at 2-3.  On November 5, 2021, the Court ordered Scott to show cause why the

original complaint should not be dismissed for failure to serve.  Doc. 5.  Before filing a

response to the show cause order, Scott's counsel filed, *without leave of Court*, a first

amended complaint on November 17, 2021.[1]  Doc. 6.  The first amended complaint

added new defendants and additional claims well beyond the scope of Scott's EEOC

charge.  *Compare* Doc. 1-2 *with* Doc. 6 ¶¶ 119-22, 149-50, 161.  Most notably, the

improperly filed first amended complaint alleged the defendants violated Title VII when

they failed to timely reclassify Scott to the Appraiser I and II positions.  Doc. 6 ¶¶ 119-

22, 149-50, 161.

The defendants answered the improperly filed first amended complaint and

moved to dismiss *all* of Scott's claims—including her pay discrimination claim.  Docs.

15; 16-1 at 11-15 (referencing Scott's pay discrimination claim, *see* Doc. 6 ¶¶ 156-64).

---

[1] Because Scott did not serve her original complaint, the window for filing an amended complaint as a matter of course had not yet opened.  *See Stephens v. Atlanta Indep. Sch. Sys.*, 2013 WL 6148099 (N.D. Ga. Nov. 22, 2013); *Jamison v. Long*, 2021 WL 2936132 (M.D. Ga. June 13, 2021); Susan E. Houser, *The 2009 Amendment to Federal Rule 15(a)(1)—A Study in Ambiguity*, 33 North Carolina Central Law Review 10 (2011).

The defendants argued that "[a]ny claims based on alleged adverse employment actions that occurred before [Scott's] EEOC Charge [were] time-barred" and that the original complaint should be dismissed for failure to serve.  Docs. 16-1 at 14; 19 at 3-5. In response, Scott stated:

> To the extent that Ms. Scott happens to claim that occurrences occurred in her job five, ten, or even almost twenty-five years ago, many of these allegations *are provided in the First Amended Complaint for context and to provide a background* of the discrimination that she had experienced in this workplace for so long.  The Court will find that the crux of Ms. Scott's claims are that Defendants have continually refused to reclassify and/or promote her since she became eligible in 2018.

Doc. 18 at 9 (emphasis added).  The Court convened a hearing on August 8, 2022 to clarify the case's procedural posture and the scope of Scott's Title VII claims.  Doc. 33. At the hearing, Scott confirmed that her Title VII claims were limited to the defendants' failure to reclassify her to the Appraiser III position.  Doc. 42 at 13:3-14:7.[2]  Thus, Scott's improperly filed first amended complaint, which included allegations that the defendants violated Title VII when they failed to timely reclassify her to the Appraiser I and II positions, improperly expanded the scope of Scott's charge of discrimination and contradicted Scott's admissions that her claims were limited to the February 2020 failure to reclassify her to the Appraiser III position.

---

[2] Contrary to Scott's characterization, she did concede during the Court's August 8, 2022 hearing that her Title VII claims were limited to the defendants' failure to reclassify her to the Appraiser III position.  Doc. 55 at 4.  During the hearing, the Court stated "notwithstanding the way you pled that proposed Amended Complaint, in your briefing you make clear that the scope of the Title VII claims -- and this is your admission *in judicio* -- that the scope of the Title VII claims is limited to what you call the defendants' -- the fact that the defendants have continually refused to reclassify and/or promote her, Ms. Scott, since she became eligible in 2018." Doc. 42 at 13:4-10.  The Court then asked the parties "if [they] have any questions or argument that [they] want to make."  *Id*. at 16:5-6.  Scott's counsel responded, "[y]our Honor, no argument.  But just a couple of points of clarification."  *Id*. at 16:11-12.  While Scott's counsel did go on the clarify a few points related to the failure to timely serve Scott's original complaint, Scott's counsel did not argue that the Court misstated the scope of her Title VII claims.  *Id*. at 16:14-17:1.

In an effort to bring some clarity to the procedural mess, the Court allowed Scott to amend her original complaint consistent with her charge of discrimination and counsel's admissions.  Doc. 34 at 9.  In other words, the Court granted leave to amend to allege fully her claims arising from the February 25, 2020 failure to reclassify. Additionally, the Court found that, despite the lack of good cause, an extension of time to serve the original complaint was warranted.  *Id*. at 8.

Scott filed her amended complaint, denominated as her "First Amended Complaint," on August 19, 2022.  Doc. 35.  Contrary to the Court's order and counsel's admissions, Scott's first amended complaint once again attempted to assert claims arising from the defendants' failure to reclassify her to the Appraiser I and II positions after she passed the requisite exams in 2010.  *Id*. ¶¶ 123, 138-39.

The Court ordered Scott's counsel to order the transcript of the August 8, 2022 hearing and to show cause why Scott should not be sanctioned and the first amended complaint struck for failure to comply with the Court's instructions.  Doc. 41.  Scott responded to the show cause order with a proposed "Second Amended Complaint" on October 18, 2022.  Doc. 43-1.

The proposed second amended complaint removed problematic paragraphs identified in the Court's show cause order but inserted new offending paragraphs that the Court missed.  *Id*.  Specifically, Scott alleged, for the first time, that her pay discrimination claims based on the defendant's delay in reclassifying her to the Appraiser I and II positions were timely under the Lilly Ledbetter Fair Pay Act of 2009 ("LLFPA").  *Id*. ¶¶ 141-43.  Because the Court overlooked Scott's counsel's latest effort

to exceed the scope of the Court's order granting leave to amend, the Court allowed

Scott to file her proposed second amended complaint.  Doc. 44.

The defendants moved to dismiss again.  Docs. 38; 45; 46.  The defendants

argued, among other things, that Scott improperly "reli[ed] on allegations regarding prior

reclassifications" in her pay discrimination claim, that these allegations had "long

passed the 180-day [exhaustion] requirement," and any claim based on these

allegations was "barred."  Doc. 46-1 10-11.  In response Scott stated:

> Defendants also appear to conflate "allegations" versus "claims".  For
> example, Defendants argue that *Counts I and II [i.e., Scott's pay
> discrimination claim]* rely on "allegations regarding prior reclassifications
> that occurred 'during her tenure' which began in 1998."  Defendants then
> say that "these claims are barred."  [Doc. 46-1 at 10].  However, as Ms.
> Scott expressly stated in one of the paragraphs of the Complaint cited by
> Defendants, the allegations concerning prior refusals to reclassify were
> provided as one of the "examples" supporting the fact that Defendants'
> stated reasons are false and pretextual.  Doc. 45, ¶ 131.  *There is nothing
> to suggest that the allegations of prior failures to reclassify form the actual
> basis of Ms. Scott's claims*, and Defendants' argument should be rejected
> as a result.

Doc. 51 at 12 (emphasis added) (cleaned up).  As a result, the Court struck paragraphs

141, 142, and 143 in the second amended complaint because those paragraphs

attempted to assert liability based on the alleged untimely reclassifications to the

Appraiser I and II positions.  Doc. 53 at 10.  Scott now moves for reconsideration of this

portion of the Court's Order.  Doc. 55.

## II. STANDARD

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a

matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous

order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010

WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation

omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

## III. DISCUSSION

Scott argues the Court committed a "clear error of law" in striking paragraphs 141, 142, and 143 from Scott's second amended complaint for two reasons.  First, Scott contends that she "has been consistent throughout this proceeding … that the pre-2018 actions resulted in pay discrimination."  Doc. 55 at 4.  Thus, the Court incorrectly concluded that Scott conceded her "Title VII claims were based only on the February 2020 failure to reclassify her to the Appraiser III position."  *Id*.  Second, to avoid the obvious fact that her pre-2018 claims are time barred, Scott argues that under the LLFPA she can recover for the "*impact* of" the defendants' decision to delay her reclassification to the Appraiser I and II positions during "the two years prior to" the filing of her charge of discrimination.  Docs. 55 at 4; 61 at 1.  Both arguments fail.

First, Scott has not "been consistent" in her position that the defendants' delay in reclassifying her to the Appraiser I and II positions formed the basis of her Title VII claims.  Scott's original complaint and charge of discrimination mentioned generally that Scott was subject to discrimination throughout her employment.  Docs. 1 at 4 ("Since I was hired on the Appraiser Track in 2008, I have been subject to disparate treatment

regarding the terms and conditions of my employment."); 1-2 ("During my employment, I have been subject to disparate treatment regarding terms and conditions of employment.").  But Scott's charge of discrimination also made clear that the focus of her claims was the defendants' failure to reclassify her to the Appraiser III position in February 2020.  Doc. 1-2 ("On or about February 20, 2020, my Supervisor recommended me for reclassification as an Appraisal [sic] III.  On February 25, 2020, the reclassification was denied.").  Scott also admitted allegations of "occurrences in her job five, ten, or even almost twenty-five years ago" were "provided in the First Amended Complaint *for context and to provide a background* of the discrimination that she had experienced."[3]  Doc. 18 at 9 (emphasis added); *see also* Doc. 42 at 13:3-14:7.  As a result, the Court granted leave for Scott to amend her improperly filed first amended complaint consistent with her charge of discrimination and counsel's admissions.  Doc. 34 at 9.

Scott was never granted leave to amend her pleadings to assert claims based on the defendants' delay in reclassifying her to the Appraiser I and II positions.  The Court's Order stated that Scott's amended complaint "must be drafted within the proper scope of her Title VII claims" and "make clear that the first adverse employment action occurred on February 25, 2020."  Doc. 34 at 9 (citing Doc. 1-2).  The Court specifically cited Scott's EEOC charge of discrimination—which states that Scott's Title VII claims were based on the defendants' failure to reclassify her to the Appraiser III position on February 25, 2020.  Doc. 1-2.  And the Court reiterated that Scott's claims were limited

---

[3] Scott contends that this statement was not made in reference to her pay discrimination claim because the "[d]efendants had not made any arguments concerning the pay discrimination claim."  Doc. 55 at 4. But the defendants argued that all of Scott's claims—including the pay discrimination claim—were untimely.  Doc. 16-1 at 11-15.

to the defendants' failure to reclassify her to the Appraiser III position in its September 27, 2022 Show Cause Order.  Doc. 41.  The Court could not have been clearer.  Scott never sought leave to add claims arising from the alleged delay in reclassifying her to the Appraiser I and II positions.[4]  And Scott's counsel repeatedly conceded that he was asserting liability only on the defendants' failure to reclassify Scott to the Appraiser III position.  Doc. 18 at 9; 42 at 13:3-14:7; 51 at 12.  Thus, the Court struck allegations outside the scope of her charge and admissions before the Court.

Scott now tries to back track from her previous admission that her Title VII claims were based only on the February 2020 failure to reclassify her to the Appraiser III position.  Doc. 55 at 4.  Scott contends that even "if [she] had judicially admitted that her Title VII claims were limited to the failure to reclassify her to Appraiser III" during her briefing on the defendants' first motion to dismiss (Doc. 16), "the amended pleadings should have effectively withdrawn or modified such an admission."  Doc. 55 at 4-5.  But Scott's subsequent briefing on the defendants' second motion to dismiss (Docs. 38; 46) confirmed that her claims were limited to the failure to reclassify her to the Appraiser III position.   In Scott's response brief, she stated that "the allegations of prior failure to reclassify" did *not* "form the actual basis" of her claims.  Doc. 51 at 12.  Scott conceded that the allegations regarding the defendants' failure to timely reclassify her to the Appraiser I and II positions were not the basis for liability.  As a result, the Court struck

---

[4] Scott's argument that she "*did* request leave to amend, and these claims were included verbatim in her proposed amendment that was allowed by the Court" is not well taken.  Doc. 55 at 5 (citing Docs. 43; 43-1 ¶¶ 141-43; 44; 45 ¶¶ 141-43).  As the Court explained in the March 8, 2023 Order, "[t]he proposed second amended complaint," which counsel now cites as evidence of his request to amend, "removed problematic paragraphs identified in the Court's show cause order *but inserted new offending paragraphs*."  Doc. 53 at 5 (emphasis added).  Not expecting counsel to egregiously disregard the Court's repeated instructions, "the Court missed" the additional offending paragraphs.  *Id.*

paragraphs from the second amended complaint that attempted to assert *liability* based on the alleged untimely reclassifications to the Appraiser I and II positions.  Doc. 53 at 9.  But the Court allowed allegations about the failure to timely reclassify Scott to the Appraiser I and II positions to serve as "background evidence," consistent with Scott's admissions that these allegations did not "form the actual basis" of her claim.  Docs. 51 at 12; 53 at 9.

Second, even if the Court were to construe Scott's motion for reconsideration as a motion to amend, the motion would be denied for futility.  *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).  Dismissal on statute-of-limitations grounds is "'appropriate only if it is apparent from the face of the complaint that the claim is time-barred' and 'only if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute.'"  *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005), *overruled on other grounds by Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010) (alteration in original)).  Before bringing a Title VII claim in a non-deferral state like Georgia, a plaintiff must file a "charge of discrimination" with the EEOC within 180 days of the discriminatory act.  42 U.S.C. § 2000e-5(e)(1); *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003).  Scott was reclassified as an Appraiser I in 2012 and Appraiser II in 2015—acts that occurred years before Scott filed a charge of discrimination with the EEOC in 2020.  Docs. 1-2; 45 ¶¶ 25, 50.  Therefore, "it is apparent from the face of the complaint that" Scott's pay discrimination claims based on the delay in reclassifying her to the Appraiser I and II positions are "time-barred."  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other*

*grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (internal quotation marks and citations omitted).

Nevertheless, Scott alleges in her complaint that her claims are not time-barred under the LLFPA.  Doc. 45 ¶¶ 141-43.  Specifically, Scott argues that pursuant to the LLFPA she can recover for the defendants' decision to delay her reclassification to the Appraiser I and II positions during "the two years prior" to the filing of her charge of discrimination.  Docs. 55 at 4; 61 at 1.  Scott contends that because she is not asserting liability "directly from the delay in reclassifying her to Appraiser I or II years ago," but rather is asserting liability based on the "*impact* of these decisions to [her] pay" her claims are timely.  Docs. 55 at 4; 61 at 7.

The LLFPA extends the time in which victims of discrimination can challenge and recover for "discriminatory compensation decisions or other practices."  Pub. L. No. 111-2, 123 Stat. 5 (2009).  Under the LLFPA, an "unlawful employment practice" occurs in the following situations: (1) "when a discriminatory compensation decision or other practice is adopted," (2) "when an individual becomes subject to a discriminatory compensation decision or other practice," and (3) "when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice."  42 U.S.C. § 2000e-5(e)(3)(A).  "[T]he phrase 'discrimination in compensation' means paying different wages or providing different benefits to similarly situated employees, not promoting one employee but not another."  *Schuler v. Pricewaterhouse Coopers, L.L.P.*, 595 F.3d 370, 374 (D.C. Cir. 2010).  Therefore, the LLFPA does not encompass discrete employment actions, such as an

employer's decision not to promote an employee.  *Tarmas v. Sec'y of Navy*, 433 F. App'x 754, 760 (11th Cir. 2011); *Albritton v. Sec. of State*, 2010 WL 4312868, at *14 (M.D. Ga. Oct. 25, 2010); *Noel v. The Boeing Co.*, 622 F.3d 266, 271 (3d Cir. 2010).

Scott's pay discrimination claim is based on the defendants' alleged delay in promoting her to the Appraiser I and II positions and the defendants' alleged failure to promote her to the Appraiser III position.[5]  Doc. 45 ¶¶ 136, 142.  The LLFPA does not apply to any of Scott's pay discrimination claims because these claims are predicated on discrete employment actions—the defendants' delay or failure to promote her.  Scott argues that the LLFPA encompasses her pay discrimination claims because she "is not alleging that she received less pay *than she would have* if she had received a reclassification" but "rather … that the Defendants' decision to reclassify her was *delayed*."  Doc. 61 at 7.  But couching her pay discrimination claim as a "delay" in promotion, rather than just a "failure" to promote does not transform a discrete employment action into a discriminatory compensation decision.  *Johnson v. Vilsack*, 815 F. Supp. 2d 221, 228 n.7 (D.D.C. 2011) ("The [LLFPA] does not revive any of plaintiff's claims of discrimination based on the failure to grant plaintiff *timely* promotions as soon as [s]he was eligible for them.") (emphasis added).  The LLFPA does not encompass Scott's failure to promote claims.  Accordingly, Scott cannot recover for the "impact" of the defendants' delay in promoting her to the Appraiser I and II positions.

## IV. CONCLUSION

---

[5] Scott uses the terms "reclassify" and "promote" interchangeably throughout her complaint.  *See* Doc. 45 ¶¶ 21, 26, 34, 41, 52, 54, 105-06, 142.  For example, Scott alleges "[a]s a result of Defendant's *delays in promotion and/or reclassification* of Plaintiff, Defendant continues to compensate Plaintiff at a rate less than that of Plaintiff's similarly situated colleagues who were not subjected to any delay in reclassification."  Doc. 45 ¶ 138 (emphasis added).

In sum, Scott conceded that her Title VII claims were limited to the failure to reclassify her to the Appraiser III position.  The Court granted leave to amend to that extent.  Scott disregarded the Court's clear directive to amend her complaint in this manner and, thus, the allegations asserting liability for discrete discriminatory acts that occurred years before the EEOC charge were properly struck from Scott's second amended complaint.  But even if Scott's claims were procedurally proper, Scott has not provided a legal basis for reviving these untimely claims.  Accordingly, Scott's motion for reconsideration (Doc. 55) is **DENIED**.

**SO ORDERED**, this 30th day of May, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT